Lawrence H. Cooke, J.
This motion relates to the first of the above two entitled causes of action as now consolidated. Plaintiff therein moves to strike out defendant’s pleadings or, in the alternative, to direct defendant to submit to the examination provided for in the order of this court of September 17, 1956. Defendant cross-moves for an order relieving it from complying with said order or for an order vacating said previous order.
It is indicated that the attorneys appeared on the appointed day at the Sullivan County Courthouse in Monticello, New York and that plaintiff’s attorney proposed to conduct the examination without a reporter or stenographer and without any recording device but with certain interrogatories already written out, that the answers and other interrogatories were to be written out by him during the course of the examination, and that defendant’s counsel refused to proceed with the examination under these conditions.
Section 302 of the Civil Practice Act, entitled “ Manner of taking testimony ”, provides in part: “If testimony be taken within the state, the examination shall be upon oral questions unless the parties otherwise stipulate * * *. Upon every oral examination, within or without the state, the person or officer before whom the testimony is taken must take down or cause to be taken down every question and answer unless the parties consent or an order directs that only the substance of the testimony be inserted.” The statute is therefore clear that the examination be upon “ oral questions ” unless there is a stipulation to the contrary. There is also an indication that the legislative intent, and with good reason, is opposed to the insertion of the substance of testimony, unless there be an order or consent therefor, and it is obvious that there is grave danger of the use of “ substance ” answers without a stenographer and where a person attempts to write down in long hand the answers during the course of testimony.
Furthermore, rule 129 of the Eules of Civil Practice, entitled “Manner of taking testimony by deposition ”, provides in part: “ On the oral examination of a person whose testimony is to be taken by deposition, either within or without the state, the oral examination shall be conducted in the same manner as on *1023 the trial ’ Certainly, written interrogatories and the transcription of answers in long hand would not be the manner employed as on a trial in this court and would not be conducive to prompt procedure.
There being no stipulation that the examination proceed otherwise than upon oral questions, there being no consent or order directing the insertion of the substance of the testimony and there having been no application to resettle the said order of September 17, 1956, the motion of plaintiff to strike out defendant’s pleadings is denied but defendant is ordered to submit to the examination before trial as previously ordered, the testimony thereon to be on oral questions. The cross motion of defendant is denied. Submit order on notice of two days.