Philip B. Heller, J.
The defendants seek an order directing the plaintiff Violet Gammarata to submit to an examination before trial. There are objections to the examination of which only one is strenuously urged, namely, that the defendants propose to take the examination in longhand rather than by a qualified stenographer.
In Kaplan v. Sullivan County Iron Works (21 Misc 2d 1021) it was held that an examination before trial must be conducted in the same manner as an examination on a trial to wit, with the use of a reporter or stenographer. The court there relied upon the plain language of rule 129 of the Rules of Civil Practice and ■section 302 of the Civil Practice Act. This court is in accord with the reasoning therein set forth.
The like conclusion is required under the rule 3113 of the Civil Practice Law and Rules (conduct of the examination) which *1082 provides at subdivision (e) that: “Examination and cross-examination of deponents shall proceed as permitted in the trial of actions in open court.” Examinations in open court are customarily and necessarily recorded by reporters or stenographers. This mandates as a matter of law, the relief which the plaintiff seeks.
Moreover, section 3103 of the Civil Practice Law and Buies provides that the court may make a protective order limiting, conditioning or regulating the use of any disclosure device and continues: “ Such order shall be designed to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts.” It is the court’s opinion that to take the examination now proposed in longhand is an unreasonable annoyance and is intended to embarrass and harass the deponent and her attorney. Therefore, the disposition here made is also made in the exercise of discretion.
The defendants are hereby granted the option of taking their examination of the plaintiff with a qualified and competent reporter or stenographer, or of waiving their right to an examination.